Filed 10/18/23  P. v. Orozco CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050315 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC259377) |
| v. | |
| CARLOS MANUEL OROZCO, | |
| Defendant and Appellant. | |

More than 20 years ago, in August 2002, Carlos Manuel Orozco was charged with four felony counts of driving under the influence of alcohol (DUI) and a misdemeanor count of driving with a suspended or revoked license.  Early the next year, Orozco pleaded guilty to one of the DUI counts as well as the misdemeanor count, and he was placed on probation, which he successfully completed.

Orozco, who is not a United States citizen, now wants to apply for permanent adjustment of his immigration status and believes that his DUI conviction may prevent him from doing so.  He therefore moved to vacate his 2003 convictions under Penal Code section 1473.7.  (Subsequent statutory references are to the Penal Code.)  This provision allows individuals who have completed their sentences to move to vacate their convictions based on a "prejudicial error damaging the moving party's ability to meaningfully understand . . . the actual or potential adverse immigration consequences of a conviction or sentence."  (§ 1473.7, subd. (a)(1).)  The trial court denied Orozco's motion, and Orozco now appeals.

We conclude that Orozco is not entitled to relief under section 1473.7 because he has not shown a reasonable probability that he would have rejected the plea bargain that he accepted if he had understood its immigration consequences. We therefore affirm the denial of Orozco's motion.

## I. Background

Because there was no preliminary examination or trial in connection with the 2003 criminal proceedings, we draw the facts underlying those proceedings from the probation officer's report. On August 20, 2002, while driving with a suspended license, Orozco rear ended a vehicle stopped at a red light, damaging the vehicle and injuring the driver, the driver's brother, and the driver's child. Orozco was arrested, and a blood sample taken from him showed a blood alcohol level of 0.21 percent, far above the legal limit. Orozco later admitted to the probation officer that he had consumed "at least 12 beers" on the night of the accident and was drunk at the time.

On August 23, 2002, the Santa Clara County District Attorney filed a complaint charging Orozco with four felony DUI counts: driving under the influence and causing injury (Veh. Code, § 23153, subd. (a)), driving under the influence and causing injury with a blood alcohol content of 0.08 percent (*id.*, § 23153, subd. (b)), driving under the influence with three or more prior convictions (*id.*, §§ 23152, 23550, subd. (b)), and driving under the influence with three or more prior convictions and a blood alcohol content of 0.08 percent (*id.*, §§ 23152, 23550, subd. (a).) Orozco also was charged with a misdemeanor count of driving with a suspended or revoked license. (*Id.*, § 14601.1, subd. (a).)

On January 2, 2003, pursuant to a plea agreement, Orozco pleaded no contest to the second DUI count (driving under the influence of alcohol and causing injury with a blood alcohol content of 0.08 percent) and the misdemeanor count of driving with a suspended or revoked license. In March 2003, the trial court dismissed the remaining DUI counts and imposed three years of probation. Although in October 2005 the

probation was extended by two years due to violations of multiple conditions. Orozco successfully completed the probation.

Orozco is now interested in obtaining permanent residence. Although not a United States citizen, Orozco has lived in California since 1989 when he arrived from Mexico as a 12-year-old. Orozco is married and has three children who were born in the United States and are United States citizens. In addition, he owns a business that provides tree trimming and removal services (which are crucial to wildfire suppression efforts) to utilities. Moreover, Orozco represents that he has avoided any criminal activity and remained sober since 2003.

On July 10, 2020, Orozco moved to vacate his 2003 convictions under section 1473.7. In the motion, Orozco explained that in 2019 a Board of Immigration Appeals decision clarified that two or more DUI convictions during the relevant time period create "a presumption that an alien lacks good moral character," which bars cancellation of removal, adjustment of status, and other immigration relief. In an accompanying declaration, Orozco stated that, when he entered into the plea bargain in 2003, he did not receive "affirmative and competent" advice concerning the potential immigration consequences of pleading guilty. Orozco also stated that "I would not have accepted this plea if I knew that this conviction could result in a finding of lack of good moral character which is required for discretionary relief such as cancellation of removal."

The trial court denied Orozco's motion. The court concluded that Orozco had not shown that when he entered his plea, "he suffered a[n] . . . error damaging his ability to meaningfully understand, defend against or knowingly accept the actual or potential adverse immigration consequences of his plea." The trial court also found that Orozco had not made a sufficient showing of prejudice.

Orozco noticed a timely appeal. As orders denying a motion under section 1473.7 are orders after judgment (§ 1473.7 subd. (f)), we have jurisdiction over Orozco's appeal. (§ 1237, subd. (b).)

3

## II. Discussion

In reviewing the denial of Orozco's motion to vacate under section 1473.7, "[w]e apply independent review." (*People v. Espinoza* (2023) 14 Cal.5th 311, 320 (*Espinoza*); see *People v. Vivar* (2021) 11 Cal.5th 510, 527 (*Vivar*).) In engaging in independent review, we defer to factual determinations based on the credibility of witnesses observed by the trial court, but otherwise exercise independent judgment concerning both factual and legal determinations. (*Vivar*, *supra*, 11 Cal.5th at p. 528.) We conclude that the trial court correctly denied Orozco's motion.

Orozco argues that his 2003 convictions should be vacated under section 1473.7 because he failed to anticipate that, due to subsequent changes in immigration law, these convictions might prevent him from obtaining permanent residence or otherwise changing his immigration status. However, section 1473.7 provides that a sentence is legally invalid only if there is a "prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) It is difficult to see how the failure to anticipate a change in immigration law constitutes an "error," much less an error "damaging the . . . ability to meaningfully understand" immigration consequences.

We need not resolve this apparently novel issue because Orozco has not shown that he suffered any prejudice. Section 1473.7 requires "prejudicial" error (§ 1473.7, subd. (a)(1)), which the Supreme Court has interpreted to require "a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences." (*Vivar*, *supra*, 11 Cal.5th at p. 529.) In evaluating reasonable probability, courts "consider the totality of the circumstances," including factors such as "the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-

4

neutral negotiated disposition was possible. [Citation.]" (*Id.* at pp. 529-530.) "Also relevant are the defendant's probability of obtaining a more favorable outcome if he had rejected the plea as well as the difference between the bargained-for term and the likely term if he were convicted at trial." (*Espinoza*, *supra*, 14 Cal.5th at p. 320.) Individuals requesting relief under section 1473.7, subdivision (a)(1) bear the burden of proving that the reasonable probability requirement is satisfied. (§ 1473.7, subd. (e)(1); *People v. Rodriguez* (2021) 60 Cal.App.5th 995, 1003.)

Several factors favor finding a reasonable probability here. In 2003, when Orozco accepted the plea bargain at issue, he had strong ties to the United States: he already had been in this country for 14 years, he had a steady job, he was married, and he had three children born in the United States. As a consequence, we find credible Orozco's statement that his family would have faced extreme hardship if he had been forced to leave the country in 2003, and he would not have wanted to accept a plea bargain that later would bar immigration relief and subject him to deportation.

Orozco, however, has failed to show that in 2003 he had any viable option for avoiding the adverse immigration consequences of pleading guilty to the DUI charges brought against him. Orozco has presented no evidence that the district attorney would have agreed to drop all the DUI charges against him or that he otherwise could have negotiated a disposition that would have avoided the adverse immigration consequences of a DUI conviction. Indeed, it is unlikely that the district attorney would have afforded Orozco much more leniency given Orozco's prior criminal history, which included three prior drunk driving convictions. We therefore conclude that Orozco has not shown a reasonable probability that he would have negotiated a more favorable disposition had he known about the later immigration consequences of his DUI convictions.

Nor is there a reasonable probability that Orozco would have chosen to go to trial rather than accepting the plea bargain offered to him. The case against Orozco was strong. He was found at the scene of the accident, his car had hit another car stopped at a

stop light, and the blood sample taken from him showed a blood alcohol content over twice the legal limit. Indeed, in his motion, Orozco did not explain how he could have successfully defended himself at trial and escaped the adverse consequences of a DUI conviction, and he might have faced jail time if he had been convicted at trial. As a consequence, Orozco had nothing to gain and everything to lose by going to trial. We therefore conclude that Orozco has failed to show a reasonable probability that he would have gone to trial even if he had known of the adverse immigration consequences of accepting the plea bargain.

It makes no difference that Orozco has stated in his declaration that "I would not have accepted this plea if I knew that this conviction could result in a finding of lack of good moral character which is required for discretionary relief such as cancelation of removal." While we do not question the sincerity with which Orozco now, with the benefit of hindsight, makes this statement, in applying section 1473.7 we examine " 'the mindset of the defendant and what he or she understood . . . at the time the plea was taken.' " (*People v. Mejia* (2019) 36 Cal.App.5th 859, 866.) Consequently, a plea bargain will not be invalidated " 'solely because of post hoc assertions from a defendant about how he [or she] would have pleaded' " such as Orozco now makes. (*People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1134; see also *People v. Garcia* (2022) 79 Cal.App.5th 1059, 1066 [rejecting as conclusory claim that defendant would not have accepted plea where the case against the defendant was " 'very strong' " and there was no evidence that the prosecutor was likely to agree to any "immigration-neutral disposition"].) Instead, a defendant asserting that he or she would not have agreed to a plea had they been advised adequately of the immigration consequences must "corroborate such assertions with ' "objective evidence." ' " (*Vivar*, *supra*, 11 Cal.5th at p. 530.) Orozco has not done so here.

Accordingly, we find no error in the trial court's denial of Orozco's section 1473.7 motion.

6

### III. Disposition

The order denying Orozco's section 1473.7 motion is affirmed.

_____

BROMBERG, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

DANNER, J.

H050315
*People v. Orozco*